IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DR. KKK ROY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 4:09CV3262 |
| | ) | |
| v. | ) | |
| | ) | |
| TIME WARNER CABLE, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint on December 22, 2009 (Filing No. 1). He has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

In plaintiff's complaint, he has sued various entities including the United States Government (Filing No. 1 at CM/ECF p. 1). The allegations are impossible to decipher. The nearly-50 page complaint consists of, at best, nonsensical and illegible statements regarding politics, religion, plaintiff's family, the civil rights movement, and other issues. (*Id.*)[1]

---

[1] Plaintiff has engaged in this behavior in federal courts throughout the United States. *Roy v. Ass'n Formed in 2007*, No. 08-00232, 2008 WL 2598199, *2 (D. Haw. June 30, 2008) (dismissing complaint consisting mostly of "49 pages of illegible handwritten notations" and a "rambling collection of documents and notes," and collecting cases showing plaintiff's numerous "malicious and frivolous" complaints).

**II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**III. DISCUSSION OF CLAIMS**

The Court has carefully reviewed the complaint. As set forth above, plaintiff's allegations are difficult to decipher. The allegations which the Court can decipher do not set forth any specific actions taken by defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, plaintiff does not allege that defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most liberal construction, plaintiff's complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). This matter will be dismissed. A

separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court